UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTORINO PAINTING, INC., <br><br> Plaintiff, <br> vs. <br><br> GREGORY A. RICHARDSON, in his Official Capacity, Director of the Texas Service Center, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; <br> KENNETH CUCCINELLI, in his Official Capacity, Acting Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; <br> CHAD WOLF, in his Official Capacity, Acting Secretary, U.S. Department of Homeland Security; <br><br> U.S. CITIZENSION AND IMMIGRATION SERVICES; U.S. DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendants | Case No.: 1:19-cv-12586 |

# **COMPLAINT**

## **INTRODUCTION**

1.  This is a challenge to the unlawful denial of the plaintiff's I-140 petition for an employment-based immigrant visa. The defendants denied the plaintiff's petition to hire a painter, a scarce resource on Cape Cod. The matter presents a narrow question of law, namely, a definition of a "familial relationship." The Department of Labor and all known authorities have so far defined such a relationship as one by blood or marriage, the common and recognized construction in English language. The defendants, however, purport to extend this definition to a neighbor, with whom the potential hire's

1

family had a casual acquaintance. The matter requires expedited consideration and/or issuance of further relief under the relevant provisions of the Administrative Procedure Act due to the irreparable hardship if the regular track is pursued. Such a delay will cause the employee and his family to become ineligible for adjustment of status and incur significant hardship and expense to leave the country or face the severe penalty of a three-year exile.

**PARTIES**

2. The plaintiff, Victorino Painting, Inc. ("Victorino") is a small home improvement contractor in the business of house painting and related work. It has a place of business in South Yarmouth, Massachusetts. Anibal Da Silva, Jr. ("Da Silva") is the principal and manager of Victorino.

3. Defendant Gregory Richardson ("Richardson") is a natural person and Director of the Texas Service Center, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security. Richardson is named in his official capacity.

4. Defendant Kenneth Cuccinelli ("Cuccinelli") is a natural person Acting Director of the U.S. Citizenship and Immigration Services of the U.S. Department of Homeland Security. *See* 6 U.S.C. § 271(a)(2). Among the functions delegated to the USCIS Director are "establish[ing] the policies for performing" functions including "[a]djudications of naturalization petitions." 6 U.S.C. §§ 271(a)(3)(A), (b)(2).Cuccinelli is named in his official capacity.

5. Defendant Chad Wolf ("Wolf") is Acting Secretary of the U.S. Department of Homeland Security. *See* 6 U.S.C. § 112(a)(2). Under the Immigration and Nationality

Act ("INA"), he is charged with administering and enforcing the federal immigration and nationality laws. 8 U.S.C. § 1103(a)(1). Wolf is named in his official capacity.

6. Defendant Department of Homeland Security ("DHS") is the executive department charged with authority over federal immigration law, *see* 6 U.S.C. § 251, and an "agency" within the meaning of the APA, *see* 5 U.S.C. § 551(1).

7. Defendant United States Citizenship and Immigration Services ("USCIS") is a component of DHS, *see* 6 U.S.C. § 271, and an "agency" within the meaning of the APA, *see* 5 U.S.C. § 551(1).

## JURISDICTION AND VENUE

8. This case arises under INA § 101, 8 U.S.C. § 1101, *et. seq.*, and the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et. seq.* This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as a civil action arising under the laws of the United States. *See generally Tapis Int'l v. INS*, 94 Supp. 2d. 172, 173 (D. Mass. 2000); *see also Ore v. Clinton*, 675 F. Supp. 2d. 217, 222 (D. Mass. 2009). This Court also has the authority to grant declaratory relief under 28 U.S.C. §§ 2201-02, and injunctive relief under 5 U.S.C. § 702 and 28 U.S.C. §§ 1361-62. Alternatively, the Court has jurisdiction under 8 U.S.C. § 1252.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (e)(1).

## ALLEGATIONS COMMON TO ALL COUNTS

10. In or about August 15, 2019 Victorino submitted an I-140 Immigrant Petition for an Alien Worker (the "Petition") for expedited processing by the defendants.

3

The plaintiff sought to fill a position of a painter with a qualified candidate, one Leandro Souza Da Silva ("Souza"), a Brazilian national.

11. Approval of the Petition would allow Victorino to employ Souza and would qualify Souza for an immigrant visa based on his employment with Victorino.

12. As part of the Petition, Victorino was required to obtain and submit a so-called Permanent Employment Certification (a "Labor Certification"), which is issued by the United States Department of Labor. Such a certification "allows an employer to hire a foreign worker to work permanently in the United States. […] The [Department] must certify to the USCIS that there are not sufficient U.S. workers able, willing, qualified and available to accept the job opportunity in the area of intended employment and that employment of the foreign worker will not adversely affect the wages and working conditions of similarly employed U.S. workers."[1]

13. In or about December 2018, Victorino submitted to the Department of Labor an Application for Permanent Employment Certification, ETA Form 9089. As part of the Labor Certification process, Victorino submitted evidence that it was unable, with due effort, to secure U.S. workers for the vacancy. A true and accurate copy of the application is attached hereto and marked as **Exhibit A**.

14. The Labor Certification application included a questionnaire, directing the applicant to answer under oath a series of questions concerning the position and a number of others. In relevant part, the questionnaire asked:

> Is the employer a closely held corporation, partnership or sole proprietorship in which the alien has an ownership interest or is there a familial relationship between the owners, stockholders, partners, corporate officers, or incorporators, and the alien?

---

[1] *See* the Department's official website:
https://www.foreignlaborcert.doleta.gov/perm.cfm

*See* **Ex. A**, Sec. C.9. Victorino marked the box labeled "No" in response to the question.

  15. The Department of Labor guidelines define a familial relationship as follows:

> A familial relationship includes any relationship established by blood, marriage, or adoption, even if distant. For example, cousins of all degrees, aunts, uncles, grandparents and grandchildren are included. It also includes relationships established through marriage, such as in-laws and step-families. The term "marriage" will be interpreted to include same-sex marriages that are valid in the jurisdiction where the marriage was celebrated.

*See Frequently Asked Questions,* Department of Labor, Office of Foreign Labor Certification, https://www.foreignlaborcert.doleta.gov/faqsanswers.cfm (last visited December 14, 2019), *citing Matter of Modular Container,* 1989-INA-228 (Jul. 16, 1991) (en banc).

  16. The Black's Law Dictionary defines the term "affinity" as "the relation that one spouse has to the blood relatives of the other spouse; relationship by marriage" or "[a]ny familial relationship resulting from a marriage." *See* Black's Law Dictionary (7th Ed., 1999), https://archive.org/stream/BlacksLawDictionary-Editions1-9/Black%27s%20Law%20Dictionary%20-%20Editions%201-9/7th%20Edition_djvu.txt (last visited December 14, 2019).

  17. On or about July 10, 2019, the Department of Labor issued the necessary certification, certifying that "there are not sufficient U.S. workers available and the employment of the above will not adversely affect the wages and working conditions of workers in the U.S. Similarly employed." **Ex. A**, p. 9. The certification was based, in

part, on extensive evidence demonstrating that the owner publicly advertised the position, but was unable to secure qualified candidates for the job.

18. On or about August 15, 2019 Victorino submitted its I-140 petition to the defendants for expedited processing and approval. The petition included the Labor Certification.

19. On or about August 23, 2019, the defendants issued a notice to Victorino requesting additional evidence in connection with the Petition. A true and accurate copy of the notice is attached hereto as **Exhibit B**. The defendants asked Victorino to clarify how it recruited Souza for the job. *Id.*

20. In response, in October 2019, Victorino produced voluminous information, including the affidavit of its owner ("Da Silva Affidavit"), a true and accurate copy of which is attached hereto as **Exhibit C**. It also supplied an affidavit from the candidate, Souza. A true and accurate copy of the Souza Affidavit is attached hereto as **Exhibit D**.

21. In relevant part, the owner attested that his parents in Brazil were neighbors of the parents of the candidate's wife. *See* **Ex. C**, ¶¶3, 5. Victorino's owner had known the neighbor's daughter, who much later became the candidate's wife, since her childhood. *Ibid.* The owner met the candidate socially in 2012 (as his neighbor's daughter's husband) and they periodically saw each other when the owner visited the old country. **Ex. C**, ¶7; **Ex. D** (Da Souza Affidavit), ¶1. In 2018 the applicant was visiting the wife's friend in Massachusetts and, during a casual conversation, the owner lamented that he had great difficulty finding painters on the Cape. **Ex. C,** ¶9; **Ex. D**, ¶¶3-4. It is at that time that the candidate volunteered himself and this process ensued. **Ex. C,** ¶10; **Ex. D,** ¶4.

22. The candidate also confirmed, under oath, that he "did not pay any individual or business in return for the offer of employment to work for the petitioner." **Ex. D**, ¶5.

23. On or about October 24, 2019, the defendants issued a Notice of Intent to Deny the Petition. A true and accurate copy of the Notice is attached hereto as **Exhibit E**. The sole basis for the intended denial was due to "undisclosed familial relationship by affinity […] between the petitioner and the beneficiary" thus. *See* **Ex. E**. The defendants claimed, for the first time in known practice, including the official guidance from the Department of Labor and the defendants, that the term "familial relationship" includes the relationship at issue, namely, a casual acquaintance with the parents' neighbor's daughter's husband. *Id.*

24. On or about November 5, 2019, Victorino, through counsel, challenged the October 24 notice and provided the defendants with ample evidence that its purported interpretation of the Department of Labor petition is untenable. A true and accurate copy of the November 5 letter is attached hereto as **Exhibit F**. The plaintiff also requested that the defendants produce evidence, on which its purported finding of fraud is based. *See e.g. Matter of Tawfik*, 20 I&N Dec. 166 (BIA 1990); *Matter of Arias*, 19 I&N Dec. 568 (1988), *Matter of Estime*, 19 I&N Dec. 450 (BIA 1987). The plaintiff also requested an explanation for disregarding the plaintiffs' affidavits in accordance with the relevant precedent. *See e.g. Castaneda v. Gonzales*, 488 F.3d 17,23 (1st Cir. 2007); *Simo v. Gonzales*, 445 F.3d 7 (1st Cir. 2006); *also Gailius v. INS*, 147 F.3d 34, 47 (1st Cir. 1998).

25. On or about November 13, 2019, the defendants issued a letter erroneously captioned as "Notice of Intent to Deny" denying the plaintiff's I-140 Petition.

A true and accurate copy of the letter is attached hereto as **Exhibit G**. The November 13 letter is substantially identical to October 24 notice (Ex. E hereto) and simply restates the same ground for the denial, i.e., that Victorino's truthful and complete response to the Department of Labor questionnaire, which did not identify the candidate as Victorino's owner's spouse or other blood relation, constituted fraud. The decision reaches this conclusion by disregarding the Department of Labor's established definition of a "familial relationship" and inserting a new and novel definition developed by the defendants.

26. The November 13 letter constituted a final agency action within the meaning of the Administrative Procedure Act (the "APA"), 5 U.S.C. §704. All conditions precedent to the commencement and maintenance of this action have been met.

27. As previously discussed, the plaintiff and the candidate do not share any "familial relationship" within the meaning of the law, the Department of Labor guidelines, and USCIS' prior practice and guidelines.

28. Upon information and belief, the candidate was reasonably expecting approval of the I-140 Petition. Under the relevant provisions of the Immigration and Nationality Act and the defendants' regulations, a person is allowed to petition for a relevant "adjustment of status," i.e., change of one type of visa to another, in this case, an employment-based one, within six months from the date of expiration of the original visa. This is allowed during the pendency of an I-140 Petition. For the candidate, the six-month grace period will expire in May 2020.

29. The plaintiff has suffered and continues to suffer damages as a result of the defendant's patently baseless denial of its I-140 Petition, including, without limitation, the inability to secure the necessary labor to carry out its business purposes.

## COUNT I:
## (VIOLATION OF ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C.§701, et seq.)

30. The Plaintiff repeats the allegations of paragraphs 1 through 29, above, as if the same were fully restated herein.

31. Under Section 706(2)(A) of the Administrative Procedures Act (the "APA") the defendant's action, which is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" is to be set aside.

32. The defendants' action in rejecting the plaintiff's petition under a readily untenable finding of fraud, their refusal to provide adequate evidence and explanation required under the relevant laws, and other actions complained of herein, all constituted action which is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" within the meaning of the APA.

## COUNT II:
## (VIOLATION OF ADMINISTRATIVE PROCEDURES ACT, 5 U.S.C. §705)

33. The Plaintiff repeats the allegations of paragraphs 1 through 32, above, as if the same were fully restated herein.

34. Pursuant to 5 U.S.C. § 705, this Court may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve the status or rights pending conclusion of the review proceedings.

35. The unlawful denial of the plaintiff's petition prevents the plaintiff from employing the candidate in the United States for the ongoing projects. The denial also has the effect of causing the candidate to leave the country or face automatic debarment by staying without the proper authorization.

36. Postponing the effective date of the denial will cause no harm to the defendants.

## COUNT III:
### (DECLARATORY JUDGMENT ACT, 28 U.S.C. §2201)

37. The Plaintiff repeats the allegations of paragraphs 1 through 37, above, as if the same were fully restated herein.

38. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, the Court is empowered to enter a binding declaration of the parties' rights and obligations where an actual controversy has arisen with respect to the same.

39. An actual controversy exists between the parties here with respect to whether the defendants are entitled to re-define the term "familial relationship," as it applies to the Department of Labor and its forms which is statutory, and has to-date been defined to include solely blood or marriage based relationships so as to now extend to a neighbor's daughter's husband.

## COUNT IV:
### (ESTOPPEL)

40. The Plaintiff repeats the allegations of paragraphs 1 through 39, above, as if the same were fully restated herein.

41. At all relevant times, upon knowledge and belief, the defendants accepted and acted upon the definition of the "familial relationship" existing in the English

language, as framed by the Department of Labor's practice. The plaintiff relied on the defendants' conduct in recruiting the potential hire, in obtaining the labor certification, and in submitting its I-140 Petition, and incurring the substantial costs in the process. To prevent injustice, the defendants should be estopped from substituting their untenable definition in place of the Department of Labor's guidance and practice and in circumvention of the plain meaning attributed to the phrase in the English language.

WHEREFORE, the plaintiff prays that this Court:

1. Enter a scheduling order expediting the determination of this matter in light of the issues involved and the harm to the plaintiff and the candidate;
2. Issue an order suspending the effect of the denial of the plaintiff's petition until such time as this Court has ruled on the merits of this case and ordering these defendants to treat the I-140 Petition as "pending" for all purposes;
3. Enter a binding declaration that the defendants' interpretation of the provision at issue is unlawful;
4. Hold unlawful and set aside the defendants' denial of the plaintiff's petition;
5. Enter an order requiring the defendants to approve the plaintiff's petition;
6. Award the plaintiff its reasonable fees and costs incurred in the matter, including reasonable attorney's fees pursuant to the Equal Access to Justice Act, 5 USC §504, 28 USC §2412 or other authority;
7. Award the plaintiff such other and further relief as this Court deems meet and just.

>Respectfully submitted,
>VICTORINO PAINTING, INC.
>By its attorney,
>
>/s/ Pavel Y. Bespalko
>Pavel Y. Bespalko,
>BBO #654315
>92 State Street, 9th Floor
>Boston, MA 02109
>T. 617 208 4300
>pavel@bespalko.com

December 26, 2019

**CERTIFICATE OF COMPLIANCE**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

        Respectfully submitted,
        VICTORINO PAINTING, INC.
        By its attorney,


        /s/ Pavel Y. Bespalko
        Pavel Y. Bespalko,
        BBO #654315
        92 State Street, 9th Floor
        Boston, MA 02109
        T. 617 208 4300
        pavel@bespalko.com

December 23, 2019

**LIST OF EXHIBITS**

**Exhibit A:** Labor Certification Application and Approval

**Exhibit B:** USCIS Request for Information, August 23, 2019

**Exhibit C:** Affidavit of Anibal Da Silva Jr., October 8, 2019

**Exhibit D:** Affidavit of Leandro Souza Da Silva, October 9, 2019

**Exhibit E:** USCIS Notice of Intent to Deny, October 24, 2019

**Exhibit F:** Plaintiff's Response to Notice of Intent to Deny, November 5, 2019

**Exhibit G:** USCIS Notice of Intent to Deny [sic], November 13, 2019